**AUTO–OWNERS INSURANCE COMPANY, Appellee,**

v.

**PERRY; Woolum et al., Appellants.**

[Cite as *Auto–Owners Ins. Co. v. Perry* (1993), 84 Ohio App.3d 787.]

Court of Appeals of Ohio,
Fairfield County.

No. CA–45–92.

Decided June 1, 1993.

Paul M. Doucher, for appellee.

Thomas W. Trimble and Scott A. Aiman, for appellants.

---

Gwin, Presiding Judge.

On February 4, 1991, defendant, Misty Jo Perry, daughter of Paul and Diana Perry ("insureds"), shot and injured intervening defendant-appellant, Kurt Woolum ("injured party"), with a .357 caliber handgun. On May 29, 1991, the injured party, through his mother and guardian Connie Dildine, filed suit against the insureds for the physical injuries sustained. At the time of the shooting, the insureds had in effect a homeowner's insurance policy issued by plaintiff-appellee, Auto–Owners Insurance Company ("Auto–Owners").

In response, Auto–Owners filed a declaratory judgment action against the insureds. Auto–Owners sought a declaration that it had no duty to defend the intentional misconduct of its insured in shooting the injured party, which conduct constituted an express exception to coverage under the homeowner's insurance policy. On February 19, 1992, the injured parties sought and were granted the right to intervene in the declaratory judgment action, pursuant to Civ.R. 24(A).

On June 30, 1992, the Fairfield County Court of Common Pleas entered a judgment of default, pursuant to Civ.R. 55, against the insureds for their failure to file a response in the declaratory judgment action. Armed with the default judgment against its insured, Auto–Owners promptly moved for summary judgment against the injured party and was granted same on November 9, 1992. Although the trial court set forth no reasons in support of the summary judgment, it is apparent from the record that the trial court concluded as a matter of law that the insureds' default constituted an admission that their insurance with Auto–Owners did not cover the shooting incident and such admission operated to the detriment of the injured party.

The injured party seeks our review and assigns as error:

"I. The trial court erred in granting plaintiff-appellee's motion for summary judgment where plaintiff-appellee was not entitled to judgment as a matter of law."

This court has held that an injured party can maintain a direct declaratory judgment action against a tortfeasor's insurer to determine the existence of coverage. *Cochenour v. Ferrin* (Dec. 14, 1992), Fairfield App. No. 32–CA–91, unreported, 1992 WL 426461. As such, the judicial admissions of the insureds that arose from their procedural default only operated as admissions against the insureds, and not against the injured party. See *Fed. Kemper Ins. Co. v. Rauscher* (C.A.3, 1986), 807 F.2d 345; *Hawkeye–Security Ins. Co. v. Schulte* (C.A.7, 1962), 302 F.2d 174.

It would be patently unjust to hold the injured party responsible for admissions arising from another party's procedural default. Notwithstanding the default judgment against the insureds, the injured party must be given an opportunity to present evidence that the action of the insured was not intentional and that insurance coverage exists.

Accordingly, the judgment summarily entered against the injured party, Kurt Woolum, by and through his mother and next friend, Connie Dildine, is hereby reversed and this cause is remanded to the Fairfield County Court of Common Pleas, Ohio, for further proceedings not inconsistent with this opinion.

*Judgment reversed*
*and cause remanded.*

SMART, P.J., and READER, J., concur.