**Sebastian ARAIZA and State Farm Mutual Automobile Insurance Company, Appellants,**

v.

**CHRYSLER INSURANCE COMPANY, Appellee.**

No. 45A03–9803–CV–138.

Court of Appeals of Indiana.

Sept. 24, 1998.

Barry D. Sherman, Kristen D. Hill, Barry D. Sherman & Associates, Rogelio Dominguez, Hammond, for appellant Sebastian Araiza.

John H. Lloyd, IV, Galvin, Galvin & Leeney, Hammond, for appellant State Farm Insurance Co.

Timothy J. Maher, Edward M. Kalamaros & Associates, South Bend, for appellee.

**OPINION**

KIRSCH, Judge.

Sebastian Araiza and his uninsured motorist carrier, State Farm Mutual Automobile Insurance Company, appeal the trial court's dismissal of a proceeding supplemental brought against appellee Chrysler Insurance Company. The dispositive issue is whether Araiza should be bound by a default judgment entered against the negligent driver on Chrysler's complaint for declaratory judgment to determine coverage.

We reverse.

## FACTS AND PROCEDURAL HISTORY

Araiza was injured as a passenger in a one-car accident. He brought a negligence action against the driver of the car, Deborah Kaslander, and his own uninsured motorist carrier, State Farm. Araiza's attorney notified Kaslander's insurer, Chrysler, of his pending lawsuit against Kaslander. Kaslander did not appear, and Chrysler did not respond to Araiza's counsel's communications. Araiza sought and was awarded a default judgment against Kaslander in the amount of $250,000.

Araiza initiated proceedings supplemental to enforce the judgment, naming Chrysler as a garnishee defendant. Chrysler appeared, responded to the proceedings supplemental by claiming there was no coverage to Kaslander, and moved to set aside the judgment on the ground that it had policy defenses to the underlying negligence action. Two days later, Chrysler filed a declaratory judgment action against Kaslander, Araiza, and State Farm, under a separate cause number. Chrysler's declaratory judgment complaint raised the same policy defenses it asserted in its motion to set aside the default judgment. The trial court denied Chrysler's motion for relief from judgment, consolidated the declaratory judgment action with the proceedings supplemental, and set the matter for trial. Eight days after the matter was consolidated, Chrysler filed a motion for default judgment against Kaslander who again had failed to appear in the declaratory judgment action. The trial court granted Chrysler's motion.

On the day of trial, Chrysler orally moved to dismiss the proceedings supplemental based upon the default of Kaslander on Chrysler's declaratory judgment complaint. The trial court ultimately granted this motion to dismiss, finding that the default against Kaslander on the declaratory judgment claim was binding on Araiza. Araiza and State Farm appeal.

## DISCUSSION AND DECISION

■ An action for declaratory relief requires the court to determine what the specific rights, duties and obligations of the respective parties are at the time of trial. *Keystone Square Shopping Center Co. v. Marsh Supermarkets, Inc.*, 459 N.E.2d 420, 425 (Ind.Ct.App.1984). Here, the trial court determined the rights of only one party, Kaslander, and the obligation of Chrysler only as it relates to her. The court did not determine Araiza's rights as an injured party or Chrysler's obligation as it relates to him.

■ Araiza had an interest in the policy proceeds which vested at the time of the accident. *See* LEE R. RUSS & THOMAS F. SEGALLA, COUCH ON INSURANCE § 104:33 (3d ed. 1997). The nature of that interest and whether it entitles Araiza to payment in satisfaction of his judgment against Kaslander remains to be determined. Indeed, Chrysler named Araiza as a defendant in its declaratory judgment action presumably because it recognized that he had an interest in the policy proceeds. *See* IC 34–4–10–11 (repealed, now codified at 34–14–1–11) (in a declaratory judgment action, all persons shall be made parties who have or claim any interest that would be affected by the declaration).

■ As the injured party seeking recovery on a judgment obtained against an insured person, Araiza stands in the legal shoes of such insured person in his action against Chrysler. *See Motorists Mut. Ins. Co. v. Johnson*, 139 Ind.App. 622, 627, 218 N.E.2d 712, 715 (1966). This means that Araiza can take no position different from the position Kaslander could have taken had she paid the judgment and proceeded against Chrysler herself. *See Automobile Underwriters v. Camp*, 217 Ind. 328, 345, 28 N.E.2d 68, 69 (1940) (opinion on rehearing). Simply because Kaslander chose to take no position at all, does not mean that Araiza is prevented from presenting the facts and argument that Kaslander could have presented had she been so inclined. In this way, the coverage issues as raised by Chrysler in its declaratory judgment complaint will be fully litigated, and Chrysler's obligation under the policy determined on the merits.

Reversed and remanded for further proceedings.

STATON and ROBB, JJ., concur.