Sebastian **ARAIZA** and State Farm Mutual Automobile Insurance Company, Appellants,

v.

**CHRYSLER INSURANCE COMPANY, Appellee.**

No. 45A03–9803–CV–138.

Court of Appeals of Indiana.

Nov. 17, 1998.

Barry D. Sherman, Kristen D. Hill, Barry D. Sherman & Associates, Hammond, Rogelio Dominguez, Hammond, for Appellant Sebastian Araiza.

John H. Lloyd, IV, Galvin, Galvin & Leeney, for Appellant State Farm Insurance Co.

Timothy J. Maher, Edward M. Kalamaros & Associates, South Bend, for Appellee.

### OPINION ON REHEARING

KIRSCH, Judge.

In a published decision issued September 24, 1998, we held that a default judgment issued against an insured in a policy coverage dispute was not binding on the injured third party. *Araiza v. Chrysler Ins. Co.*, 699 N.E.2d 1162 (Ind.Ct.App.1998). In so holding, we stated that the injured third party, Araiza, "had an interest in the policy proceeds which vested at the time of the accident." *Id.* at 1163 (citing LEE R. RUSS & THOMAS F. SEGALLA, COUCH ON INSURANCE § 104:33 (3d ed.1997)).

Chrysler Insurance Company seeks rehearing on various grounds. We grant rehearing only to address Chrysler's contention that the proposition from the cited treatise applies only to states that permit third-party direct actions against an insurer which Indiana does not. While it is true that the cited treatise discusses the stated proposition in the context of direct actions, such actions are not limited to those in which a third-party proceeds directly against an insurer prior to obtaining a judgment against the insured. The treatise recognizes that "[a]lthough direct action may be prohibited,

execution of a judgment issued against an insured, which execution is served on the insurer, may be enforced in many jurisdictions[.]" COUCH ON INSURANCE § 104:5. Indiana is one of those jurisdictions. *See Allstate Ins. Co. v. Morrison,* 146 Ind.App. 497, 256 N.E.2d 918 (1970). The principles in the cited section apply not only to direct actions brought by the third party against the insurer prior to obtaining a judgment against the insured, actions which are not allowed in Indiana, but also to direct actions brought by the third party against the insurer to enforce a judgment obtained against the insured, actions which are allowed in Indiana. Nothing in our original opinion should be read as an attempt to change the law in Indiana prohibiting direct actions by third parties against insurers prior to obtaining a judgment against the insured.

We grant rehearing solely to make the clarification stated herein and deny rehearing on all other grounds.

STATON and ROBB, JJ., concur.