**AMERICAN STANDARD INSURANCE COMPANY OF WISCONSIN, Plaintiff,**

v.

**Cicily E. ROGERS and Eric Roberts, Defendants.**

**No. IP 00–374–C B/S.**

United States District Court, S.D. Indiana, Indianapolis Division.

Dec. 5, 2000.

Jeffrey A. Doty, Kightlinger & Gray, Indianapolis, IN, for Plaintiff.

Samuel L. Jacobs, Mitchell, Hurst, Jacobs, Dick, Indianapolis, IN, for Defendants.

### ENTRY GRANTING DEFENDANT ROBERTS' MOTION TO DISMISS, DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND SAGAMORE INSURANCE COMPANY'S MOTION TO INTERVENE, AND DISMISSING ACTION PURSUANT TO RULE 19(B)

BARKER, Chief Judge.

On March 4, 1998, defendants Eric Roberts and Cicily Rogers were involved in a motor vehicle collision. Rogers was driving a vehicle belonging to Eric Wilson, who had auto insurance with the plaintiff, American Standard Insurance Company of Wisconsin (American Standard). Roberts, an Indiana resident, filed a complaint against Rogers (also an Indiana resident) in Marion County (Indiana) Superior Court on June 10, 1998, alleging personal injury, property damage and pain and suffering as a result of the accident. See Compl. Ex. "A". On March 1, 2000, American Standard filed a complaint for declaratory judgment in this Court against Roberts and Rogers, seeking a determination that the policy it issued to Wilson does not cover the accident involving Roberts and Rogers and that it (American Standard) has no duty to defend Rogers in Roberts' personal injury action against her in state court. See Compl. ¶ 9.

Rogers failed to appear or answer American Standard's complaint and the Clerk of this Court entered a default against her on June 13, 2000, pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure. American Standard has moved for entry of a default judgment against Rogers under Rule 55(b)(2). Roberts answered the complaint and moved to dismiss it for lack of subject matter jurisdiction, arguing that American Standard's claim against him does not meet the amount in controversy requirement for actions based upon diversity of citizenship. See 28 U.S.C. § 1332(a). American Standard contends that it has met the amount in controversy requirement. Meanwhile, Rogers' mother's automobile insurer, Sagamore Insurance Company (Sagamore), has moved pursuant to Rule 24 to intervene in this action because it believes that the outcome of this suit could affect Sagamore's obligations, if any[1], to defend or indemnify Rogers in connection with the accident. See Fed.R.Civ.P. 24.

*Legal Standard*

*Subject Matter Jurisdiction*

■ In a suit between citizens of diverse states, federal courts lack subject matter jurisdiction unless the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a) (2000). In order to determine whether § 1332(a)'s amount in controversy requirement has been met in a declaratory judgment action brought by an insurer, it is necessary to examine the insurance contract itself. Normally, when the validity of an insurance policy is at issue, the amount in controversy is the face value of the policy. See 14B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3710 (3d ed.1998). In disputes regarding the applicability of an insurance policy to a particular occurrence, the amount in controversy is the value of the underlying claim, not the face value of the policy. *Id.; see Budget Rent–A–Car, Inc. v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir.1997) (holding maximum liability relevant only if validity of entire policy is at issue). The Seventh Circuit has approved the following approach:

> Where an insurer denies his obligations under a liability insurance policy on the theory ... that the accident was not

---

1. Sagamore alleges that the issue of its duty to defend and indemnify Rogers is being de-

cided in concurrent litigation but does not furnish additional details.

within the coverage of the policy ... the amount in controversy is measured by the injured third-party's bona fide claim against the insured, unless this exceeds the maximum limit of the policy, in which event the amount in controversy is the maximum limit of the insurer's liability under the policy. *Motorists Mut. Ins. Co. v. Simpson*, 404 F.2d 511, 515 (7th Cir.1968) (quoting 6A James William Moore et. al., *Moore's Federal Practice* ¶ 57.23 (2d ed.1966)).

■ The law of our circuit allows an insurer who seeks a declaration that its policy does not cover an accident and that it has no duty to defend a suit arising from the accident to include the costs of defending the underlying action as part of the amount in controversy. *See Motorists Mut. Ins. Co. v. Simpson*, 404 F.2d at 515 (where insurance contract obligates insurer to defend insured, permissible to include costs of defense in amount in controversy in declaratory judgment action by insurer against insured; defense costs may not be included if defendants are injured parties, because insurer owes them no duty of defense); *see also* Wright, Miller & Cooper, *supra*, § 3702 (approving inclusion of value of defense in amount in controversy between insurer and insured, citing *Stonewall Ins. Co. v. Lopez*, 544 F.2d 198 (5th Cir.1976)).

■ A plaintiff may aggregate his claims against a single defendant to reach the amount in controversy. *See* Wright, Miller & Cooper, *supra*, § 3704; *Budget Rent–A–Car*, 109 F.3d at 1474; Fed. R.Civ.P. 18. However, claims by a single plaintiff against multiple defendants cannot be aggregated in order to reach the amount in controversy "unless the two defendants could be held jointly liable on claims that satisfied the jurisdictional amount." *Reason v. General Motors Corp.*, 896 F.Supp. 829, 832 (S.D.Ind.1995) (citing *Jewell v. Grain Dealers Mut. Ins. Co.*, 290 F.2d 11, 13 (5th Cir.1961)).

When a federal district court has original jurisdiction over a claim, supplemental jurisdiction is available over related claims that "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). This supplemental jurisdiction includes "claims that involve the joinder or intervention of additional parties." § 1367(a). However, if the court's original jurisdiction over the first claim is based solely upon diversity (§ 1332), supplemental jurisdiction is *not* available over claims by plaintiffs against persons made parties under Rules 14, 19, 20, or 24 of the Federal Rules of Civil Procedure when exercising supplemental jurisdiction over such claims "would be inconsistent with the jurisdictional requirements of section 1332." § 1367(b).

### Discussion

#### 1. Subject Matter Jurisdiction / Amount in Controversy

■ American Standard contends that the policy it issued to Eric Wilson, owner of the vehicle driven by Rogers in the collision with Roberts, was not in force at the time of the accident because the premiums had not been paid. *See* Compl. ¶ 9. Therefore, American Standard argues, the validity of the entire policy is at issue and the face value of the policy should determine the amount in controversy. The policy, attached as Exhibit "B" to American Standard's complaint, contains a bodily injury liability coverage limit of $50,000 per person and $100,000 per occurrence, as well as a $25,000 limit for property damage liability. American Standard does not specify what it believes to be the policy's "face value." Even if the value exceeded $75,000, we would not use that amount to determine the amount in controversy in this case because this dispute involves the applicability of the insurance policy to a particular occurrence, not (as in cases involving allegations of fraudulent statements that would avoid the contract) the validity of the entire policy. After examining American Standard's complaint, we are satisfied that American Standard does not

deny the validity of the insurance contract per se; it merely denies that the policy was in force after a certain date: the policy might apply to an accident before the policy lapsed. This suit relates to American Standard's duty to defend and indemnify with respect to a particular accident that occurred after the alleged lapse of coverage, so we must examine the underlying claim to determine the amount in controversy.

Roberts' state court complaint indicates that he seeks damages for bodily injury, property damage, and pain and suffering arising from the March 4, 1998, accident with Rogers. *See* Compl. Ex. "A". While Roberts did not specify the amount he seeks to recover for his injuries, his request for damages for injuries, pain and suffering means that he could be awarded any amount a jury considers reasonable— including, presumably, an amount greater than $75,000. *See In re Shell Oil Co.*, 966 F.2d 1130, 1131 (7th Cir.1992). Roberts claims that the vehicle he was driving at the time of the collision was only worth $2,838.00 but his affidavit does not state that he seeks a maximum of the car's value for property damages in his state court action. *See* Def.'s Rep. Pl.'s Resp. Mot. to Dismiss Ex. A, Aff. of Eric Roberts; *see also Barbers, Hairstyling for Men & Women, Inc. v. Bishop*, 132 F.3d 1203, 1204–05; *In re Shell Oil Co.*, 966 F.2d at 1131–32. The amount that Roberts can or will recover against Rogers is not determinative of the federal amount in controversy because it exceeds the liability limits of the policy in question. Of Roberts' potential recovery against Rogers, the amount that Roberts might be able to collect from American Standard, i.e., American Standard's potential liability under the policy when both the bodily injury limit and the property damage limit are taken into account, equals a maximum of $75,000 exclusive of defense costs, which does not exceed the statutory requirement.

■ American Standard is correct that the amount in controversy with respect to its claim against Rogers includes its cost of defending Rogers in the state court action, because American Standard's dispute with Rogers encompasses both the duty to indemnify and to defend. However, the dispute between American Standard and Roberts is based solely on Roberts' potential recovery of a judgment against Rogers in state court, for which American Standard could be liable (assuming coverage is found to exist) in an amount up to $75,000. As the Seventh Circuit noted in *Motorists Mutual Insurance Company v. Simpson*, the amount in controversy in a declaratory judgment action brought by an insurer against its insured includes potential liability and defense costs; but, where the defendant is the injured party who has sued the insured in an underlying action, the amount in controversy between the insurer and the injured party does not include the insurer's costs of defending the insured in the other action. 404 F.2d at 515. The amount in controversy between Roberts and American Standard is no greater than the sum of the applicable coverage limits, $75,000, and does not satisfy the requirement of § 1332.

■ Though American Standard has not argued this point, we note that we may not assert supplemental jurisdiction over American Standard's claim against Roberts, nor can American Standard's claims against Roberts and Rogers be aggregated to reach the jurisdictional amount. The Judicial Improvements Act of 1990 created a broad grant of supplemental federal jurisdiction over otherwise non-justiciable claims when a district court has original jurisdiction over a related claim, except for certain cases in which the court has original jurisdiction pursuant to the diversity statute. 28 U.S.C. § 1367. In such cases, courts may not have supplemental jurisdiction over claims by plaintiffs against those made parties pursuant to Rule 20 [2].

---

**2.** Rule 20, the permissive joinder rule, allows

plaintiffs to bring suit against multiple defen-

*Stromberg Metal Works, Inc., v. Press Mechanical, Inc.*, 77 F.3d 928, 932 (7th Cir. 1996) (discussing the Act: "[c]laims against persons made parties under Rule 20 are forbidden...."). As American Standard did not specify otherwise, it appears that it included Roberts in its suit against Rogers as a claim against a party that is part of the "same transaction or occurrence" as its main (and jurisdictionally sound) claim against Rogers, pursuant to Rule 20 [3]. While Roberts may be joined in American Standard's action against Rogers under Rule 20, § 1367 does not confer supplemental jurisdiction over American Standard's claims against Roberts in federal court.

■ American Standard is entitled to aggregate its claims (regarding its duty to defend and indemnify) against Rogers, but American Standard's potential liability for costs of defending Rogers in the underlying state court action does not apply to Roberts. *See Motorists Mut. Ins. Co. v. Simpson*, 404 F.2d at 515. A single plaintiff is entitled to aggregate claims against multiple defendants if liability is joint rather than several, *Reason*, 896 F.Supp. at 832; but, the Seventh Circuit has commented that the interest of an insured and of an injured party in the potential coverage of an accident by the insurer are "separate and distinct." 404 F.2d at 515. Even if we view Rogers' and Roberts' interests in the proceeds of the policy as a common one, American Standard may not combine its total claims against both defendants to reach the amount in controversy requirement because the undivided interest shared by Rogers and Roberts would be limited to the $75,000 policy coverage limit.

---

dants on claims related to the same case or controversy.

**3.** American Standard may have named Roberts in its complaint because of Roberts' interest in the subject matter of American Standard's dispute with Rogers, *see* discussion of

### 2. Default Judgment

American Standard has moved for entry of a default judgment with respect to defendant Rogers pursuant to Federal Rule of Civil Procedure 56(b)(2). In a declaratory judgment case of this kind, we would normally take the plaintiff-insurer's motion to enter a default judgment against the defendant insured under advisement and allow the co-defendant-injured party to defend the action against the insurer on the merits. *See State Farm Mut. Auto. Ins. Co. v. Jackson*, 736 F.Supp. 958, 961 (S.D.Ind.1990) (holding that it is improper to enter default judgment declaring absence of insurance coverage against a defaulted defendant when action against other defendant is pending and risk of inconsistent judgments exists) (citing *Marshall & Ilsley Trust Co. v. Pate*, 819 F.2d 806 (7th Cir.1987) and *In re Uranium Antitrust Litig.*, 617 F.2d 1248 (7th Cir.1980)); *Fed. Kemper Ins. Co. v. Rauscher*, 807 F.2d 345 (3d Cir.1986) (holding injured parties have standing to defend insurer's declaratory judgment action even though default judgment was entered against insured); *Allstate Ins. Co. v. Hayes*, 442 Mich. 56, 499 N.W.2d 743, 751–52 (1993) (same); *Auto–Owners Ins. Co. v. Perry*, 84 Ohio App.3d 787, 618 N.E.2d 255 (Ohio App.1992) (same); *see also Associated Int'l Ins. Co. v. Crawford*, 182 F.R.D. 623, 628–30 (D.Colo.1998) (recognizing injured party is "most directly interested person" in insurer's declaratory judgment action regarding coverage; denying insurance company's motion for summary judgment against injured party based upon default of insured). However, in this case the insured's co-defendant (the injured party), Roberts, moved to dismiss American Standard's complaint on the grounds that American Standard has not met the jurisdictional amount in con-

---

Federal Rule of Civil Procedure 19, below. Our discussion of supplemental jurisdiction also applies to claims by plaintiffs against persons made parties under Rule 19. § 1367(b).

troversy requirement with respect to him, and we have determined that we lack jurisdiction or power to adjudicate the plaintiff's claims as to Roberts.

■ An injured third-party defendant has been held to be a necessary party (or a "person needed for just adjudication" as described in Rule 19 of the Federal Rules of Civil Procedure [4]) in a declaratory judgment action by an insurance company seeking to determine its liability arising from an occurrence between its insured and the injured party. *See, e.g., Associated Int'l Ins. Co. v. Crawford*, 182 F.R.D. at 629; *Fathers of the Order of Mount Carmel, Inc. v. Nat'l Ben Franklin Ins. Co. of Ill.*, 697 F.Supp. 971, 973 (N.D.Ill.1988) (citing *M.F.A. Mut. Ins. Co. v. Cheek*, 66 Ill.2d 492, 6 Ill.Dec. 862, 363 N.E.2d 809, 811 (Ill.1977)). Although Roberts would not be a party to a default judgment entered against Rogers here in federal court and there is some authority that Roberts would not be bound by Rogers' default, the default judgment's potential effect upon Roberts in subsequent litigation in Indiana courts is not certain. In 1998, an Indiana appellate court held that a default judgment against an insured in the insurer's declaratory judgment action was not binding on the injured party, *Araiza v. Chrysler Ins. Co.*, 699 N.E.2d 1162 (Ind.Ct.App. 1998); but, the Indiana Supreme Court has not ruled on the issue. In addition, the difference in the facts underlying *Araiza* and the instant case may lead to different outcomes in the Indiana courts. *Id.* at 1163 (describing insurer's procedural maneuverings). It is not inconceivable that an Indiana court would give effect to a federal default judgment against Rogers by refusing to hold American Standard liable to pay any judgment obtained by

Roberts against Rogers; thus, a judgment in this case could as a practical matter affect Roberts' ability to protect his interest in the insurance policy proceeds, a situation envisioned by Rule 19(a)(2)(i). Moreover, if an Indiana court would find that a default judgment against Rogers is inapplicable to Roberts, American Standard would face the risk of inconsistent judgments should Roberts prevail in his personal injury claims against Rogers and then attempt to recover the judgment from American Standard. *See Home Ins. Co. of Ill. v. Adco Oil Co.*, 154 F.3d 739, 741 (7th Cir.1998) (noting that maintenance of separate actions, insurer v. insured and insurer v. injured party, "creates possibility of inconsistent outcomes"). Thus, Roberts would be a "necessary" party under Rule 19(a)(2)(ii).

As discussed above, we lack subject matter jurisdiction over Roberts, so he cannot be joined as called for in Rule 19(a). Rule 19(b) governs a situation where a person as described in (a)(1)-(2) cannot be made a party. The court must "determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable." Fed.R.Civ.P. 19(b). The factors we should consider in determining whether a party is indispensable include:

first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's ab-

---

4. Rule 19(a) provides that "a person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that

the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest."

sence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. *Id.*

In the absence of Roberts, it becomes apparent that a grant of default judgment against Rogers will not afford complete relief in this case and could prejudice Roberts' interests while leaving American Standard vulnerable to inconsistent judgments. The first factor set forth in Rule 19 to assist the determination of whether Roberts is an indispensable party to this action concerns the prejudicial effect upon Roberts or American Standard and Rogers of a judgment in this action rendered in Roberts' absence. We cannot predict who will be prejudiced by an entry of judgment in this case because, as discussed above in our analysis of Rule 19(a), it is unclear what effect an Indiana court facing the issue of American Standard's coverage of Rogers' accident with Roberts would give to a federal default judgment against Rogers. Significant prejudice to at least one of the parties will be inevitable no matter what effect is given to the default judgment against Rogers: if the Indiana courts choose to enforce the federal judgment and refuse to hold American Standard liable, it is possible that Roberts could suffer great prejudice because he would not be able to satisfy his judgment, and he would have been unable to litigate the coverage issues on the merits here in federal court. However, American Standard could be prejudiced if it relies upon a default determination that it has no duty to defend or indemnify Rogers in Roberts' action against her and decides not to defend Rogers in the state court suit, only to be faced with a suit by Roberts to recover a personal injury judgment against Rogers, in which the state court finds that the federal default judgment is not binding between Roberts and American Standard. *See Araiza,* 699 N.E.2d at 1163. The second factor weighs in favor of dismissal, for we do not see a way to craft a judgment in this cause to avoid or lessen the extreme prejudice that could result to either Roberts or American Standard.

Our inability to fully declare the rights of all of the parties affects the third factor; in addition to prejudicing at least one of the parties, the entry of default judgment would be inadequate in the sense that it would thwart American Standard's purpose in bringing and our purpose in hearing this action: to declare American Standard's rights under the policy it issued to Wilson as applied to the parties in the lawsuit pending in state court, Rogers and Roberts. Maintaining this action without Roberts disserves not only the parties, but the interests of the courts and the public in "complete, consistent, and efficient settlement of controversies." *See Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 111, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968).

The fourth factor, the availability of an alternative forum, is "a critical consideration" under Rule 19(b). *See Pasco Int'l (London) Ltd. v. Stenograph Corp.,* 637 F.2d 496, 500 (7th Cir.1980). This, too, weighs in favor of dismissal, because American Standard could attain complete relief by bringing its declaratory judgment action in Indiana state court, where both Rogers and Roberts are presumably subject to service. Upon consideration of all of the Rule 19(b) factors, we find that an incomplete and prejudicial judgment is unavoidable if Roberts is not a party to this case. For the reasons we have discussed, Roberts is indispensable to this litigation and equity and good conscience require that we dismiss American Standard's Complaint because it can attain more complete relief in state court. *See Ranger Ins. Co. v. United Hous. of N.M., Inc.,* 488 F.2d 682 (5th Cir.1974) (dismissing insurer's declaratory judgment suit seeking determination of non-coverage for failure to join indispensable party, claimant against insured); *see also Fed. Kemper Ins. Co. v. Rauscher,* 807 F.2d 345 (3d Cir.1986) (noting injured parties are indispensable to

action by insurer to determine coverage liability).

### 3. Intervention [5]

 Sagamore's motion to intervene does not affect our determination that this action should be dismissed to allow the issues raised to be resolved in state court as to all interested parties. We note that Sagamore has not demonstrated that it meets the elements of Rule 24(a), particularly the existence of an interest which as a practical matter will be disposed of by this suit.[6] *See Solid Waste Agency of Northern Cook County v. U.S. Army Corps of Engineers*, 101 F.3d 503, 506 (7th Cir.1996) (noting that Seventh Circuit cases "say that the prospective intervenor's interest must be direct, significant, and legally protectable.") (citations omitted). Nothing in this action would affect whether Sagamore has a duty to indemnify or defend Rogers in the state court action, or how coverage should be allocated if more than one policy applies; these issues are being or could be decided in separate suits and are not part of this litigation. Even if Sagamore had a claim or defense in common with Rogers and/or Roberts, we would decline to allow permissive intervention under Rule 24(b) in light of our inability to render a complete judgment in this action due to our lack of subject matter jurisdiction over Roberts, an indispensable party. Sagamore's motion to intervene is DENIED.

### Conclusion

For the foregoing reasons, defendant Roberts' Motion to Dismiss for lack of subject matter jurisdiction is GRANTED. Plaintiff American Standard's Motion for Entry of Default Judgment against defendant Rogers is DENIED, and this action will be DISMISSED pursuant to Federal Rule of Civil Procedure 19(b) due to our lack of subject matter jurisdiction over Roberts. Sagamore Insurance Company's Motion to Intervene is DENIED.

---

**5.** Intervention of Right should be permitted upon timely application "when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." Fed.R.Civ.P. 24(a)(2). A party may be permitted to intervene in an action (upon timely application) when "an applicant's claim or defense and the main action have a question of law or fact in common." Fed R.Civ.P. 24(b)(2).

**6.** The issue of Sagamore's potential liability and duty to defend Rogers arising out of her collision with Roberts is being decided elsewhere; neither of those issues is present in the instant litigation. Sagamore alleges it has an interest in a determination that American Standard must defend and indemnify Rogers with respect to Roberts' lawsuit because American Standard, as the insurer of Rogers' vehicle, should be the primary insurer under Indiana law. (Even if other insurers, such as Sagamore, have a duty to defend Rogers or provide coverage in the action, the primary insurer is the one who is primarily responsible for conducting the defense of the underlying action, and other insurers such as Sagamore become excess insurers providing coverage for that part of any judgment that exceeds the policy limits for the primary insurer.) However, the issue of the "order" of coverage or the allocation of liability among various insurers has not been raised in this action. While Sagamore may be indirectly interested in the outcome of this declaratory judgment action in the sense that its own liabilities will be lessened if American Standard is found to have coverage and a duty to defend, it has no legally protectable right or interest in this controversy and would not be bound by any holdings in the case.