DECISION AND JUDGMENT ENTRY.
{¶ 1} George Dial appeals the Athens County Court of Common Pleas' decision granting summary judgment in favor of United National Insurance Company. Dial asserts that because the language of the policy expressly provides coverage to Ostrander for the period between June 28, 2001 and June 28, 2002, and does not expressly state that cancellation modifies the period of coverage, that the trial court should have either interpreted the policy in favor of coverage or at least found that the policy is ambiguous. Because Dial's suggested interpretation of the policy is unreasonable, especially given the policy endorsement reflecting that United National refunded the premium in exchange for canceling the policy effective March 29, 2002, we find that the trial court did not err in determining that United National's coverage of Ostrander ended on March 29, 2002. Accordingly, we overrule Dial's assignments of error and affirm the judgment of the trial court.
 I. {¶ 2} Ostrander's employer, Access to Human Resources, purchased an insurance policy for professional errors and omissions from United National. The policy expressly defines the policy period as June 28, 2001 through June 28, 2002. Also by its express terms, the policy only covers claims made during the policy period, not claims arising during the policy period but raised after the policy period. On March 29, 2002, the parties added an endorsement to the policy, whereby Access cancelled the policy effective March 29, 2002, and United National refunded a prorated portion of Access's premium.
 {¶ 3} On May 17, 2002, Dial filed a complaint against Ostrander and Access, alleging that Ostrander negligently assessed, evaluated, and diagnosed Dial's daughter. On May 28, 2002, Ostrander phoned the local agent for United National and reported that Dial served her with a complaint. United National sent Ostrander a letter, dated June 21, 2002, stating that it denied coverage for the claim.
 {¶ 4} Ostrander filed an answer and joined United National in the action. Access failed to answer the complaint. Ostrander also filed a third party complaint against United National, seeking a declaratory judgment determination that United National owes Ostrander an obligation of insurance coverage and legal defense against Dial's claims.
 {¶ 5} United National filed a motion for summary judgment on the basis that the "claims made" policy it issued to Access provided coverage only for claims brought within the policy period. United National contended that because Access voluntarily cancelled its policy on March 29, 2002 and received a premium refund, the policy period ended on that date. Thus, United National argued that it does not owe coverage for claims made after March 29, 2002. United National supported its motion with the policy, which includes an endorsement reflecting that Access cancelled the policy and received a prorated premium refund on March 29, 2002.
 {¶ 6} Dial and Ostrander filed cross-motions for summary judgment, asserting that the policy period continued to June 28, 2002, irrespective of the cancellation of the policy. Specifically, Dial and Ostrander argued that Section VIII of the policy, entitled "Extended Reporting Period," renders the policy at least ambiguous as to whether United National owed coverage to Ostrander through June 28, 2002. Section VIII provides, "this insurance applies to `claims' first made against the insured in writing during the policy period and reported to us within sixty days after the date of cancellation or expiration of the policy." Dial and Ostrander argued that United National owes coverage because Dial made his claim between June 28, 2001 and June 28, 2002, and because United National received notice of Dial's claim on May 28, 2002, sixty days after the March 29, 2002 cancellation.
 {¶ 7} The trial court found that, in canceling its policy and receiving a premium refund, Access reduced the length of the policy period from June 28, 2002 to March 29, 2002. Therefore, the court reasoned, United National owes coverage only for claims made on or before March 29, 2002. The court granted summary judgment to United National, and filed an entry certifying that there is "no just reason for delay" of the appeal of its decision.
 {¶ 8} Dial appeals, asserting the following assignments of error: "I. The trial court erred in granting summary judgment to United National Insurance Company, finding that its claims made policy provided no coverage for the claims against its insureds, since the policy provides for the reporting of claims within sixty (60) days after the policy is cancelled and such a reporting occurred. II. The trial court erred in granting summary judgment to United National Insurance Company, finding that its claims made policy provided no coverage for the claims against its insureds, since the policy expressly defines the policy period as being June 28, 2001 to June 28, 2002, and does not state that cancellation shortens or modifies the "policy period" such that the pertinent parts of the policy are at least ambiguous, requiring an interpretation in favor of coverage for the insured."
 II. {¶ 9} In both of his assignments of error, Dial asserts that the trial court erred in granting summary judgment in favor of United National. We note at the outset that an injured party possesses standing to maintain a direct declaratory judgment action against a tortfeasor's insurer to determine the existence of coverage. Auto-Owners Ins. Co. v.Perry (1993), 84 Ohio App.3d 787, 789. Dial does not dispute that the United National policy applies only to "claims made" during the policy period. However, Dial asserts that the trial court erred as a matter of law in ruling that the policy period under the contract ended on March 29, 2002. Further, Dial contends that the trial court erred in ruling that United National could deny coverage for a claim that it received notification of within sixty days of the cancellation of the policy.
 {¶ 10} Summary judgment is appropriate only when it has been established: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party. Civ.R. 56(A). See Bosticv. Connor (1988), 37 Ohio St.3d 144, 146; Morehead v. Conley (1991),75 Ohio App.3d 409, 411. In ruling on a motion for summary judgment, the court must construe the record and all inferences therefrom in the opposing party's favor. Doe v. First United Methodist Church (1994),68 Ohio St.3d 531, 535.
 {¶ 11} In reviewing whether an entry of summary judgment is appropriate, an appellate court must independently review the record and the inferences that can be drawn from it to determine if the opposing party can possibly prevail. Morehead, 75 Ohio App.3d at 411-12. "Accordingly, we afford no deference to the trial court's decision in answering that legal question." Id. See, also, Schwartz v. Bank-One,Portsmouth, N.A. (1992), 84 Ohio App.3d 806, 809. In particular, the construction of a written contract is a matter of law, which we review without deference to the trial court. Alexander v. Buckeye Pipeline Co.
(1978) 53 Ohio St.2d 241, paragraph one of the syllabus.
 {¶ 12} Under Ohio law, "an insurance policy is a contract, and * * * the relationship between the insurer and the insured is purely contractual in nature." Nationwide Mut. Ins. Co. v. Marsh (1984),15 Ohio St.3d 107, 109. Thus, the interpretation of an insurance policy is a matter of law. Ambrose v. State Farm Fire Cas. (1990),70 Ohio App.3d 797, 799, citing Alexander at paragraph one of the syllabus. Generally, a court should strive to give effect to the plain meaning of a contract. Cleveland Elec. Illuminating Co. v. Cleveland
(1988), 37 Ohio St.3d 50, citing Seringetti Constr. Co. v. Cincinnati
(1988), 51 Ohio App.3d 1, 4. As long as the contract is clear and unambiguous, "the court need not concern itself with rules of construction or go beyond the plain language of the agreement to determine the rights and obligations of the parties." Seringetti at 4. The court must give effect to all terms of a contract, neither deleting nor adding words. Cleveland Elec. Illuminating Co. at paragraph three of the syllabus. Additionally, if the primary purpose of the contract can be ascertained, the court shall give it great weight. Restatement of the Law 2d, Contracts 86-88 (1979), Section 202(1); First Union Real EstateEquity Mortgage Investments v. Shapiro (Apr. 11, 1985), Cuyahoga App. No. 48601.
 {¶ 13} Where provisions of an insurance contract "are reasonably susceptible of more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured." Kingv. Nationwide Ins. Co. (1988), 35 Ohio St.3d 208, syllabus. This is so because "[t]he insurer, being the one who selects the language in the contract, must be specific in its use." Lane v. Grange Mut. Cos.
(1989), 43 Ohio St.3d 63, 65, citing Am. Fin. Corp. v. Fireman's FundIns. Co. (1968), 15 Ohio St.2d 171. Therefore, "[a]ny reasonable interpretation of the policy resulting in coverage of the insured must be adopted by the trial court in Ohio." River Services Co. v. HartfordAccident Indemnity Co. (N.D.Ohio 1977), 449 F. Supp. 622, 626.
 {¶ 14} However, when the terms of an insurance contract are clear and unambiguous, the trial court may not effectively "create a new contract by finding an intent not expressed in the clear language employed by the parties." Fireman's Fund Ins. Co. v. Mitchell-Peterson,Inc. (1989), 63 Ohio App.3d 319, 325. Nor may the court depart from strict construction of the insurance contract in order to change the obvious intent of the parties in order to provide an individual with coverage. Hybud Equip. Corp. v. Sphere Drake Ins. Co. (1992),66 Ohio St.3d 657, 665; Rhoades v. Equitable Life Assurance Society ofthe United States (1978), 54 Ohio St.2d 45, 47.
 {¶ 15} Dial contends that we should interpret the policy as providing coverage for claims made through June 28, 2002, because: (1) we must interpret insurance contracts in favor of coverage; (2) the policy explicitly defines the policy period as June 28, 2001 through June 28, 2002; and (3) the policy does not state that the policy period will be shortened in the event that the policy is cancelled. However, even though we must construe ambiguous contracts liberally in favor of the insured, we can adopt only reasonable interpretations of the policy to grant coverage to the insured. River Services Co. at 626. We may not circumvent the obvious intent of the parties in order to provide an individual with coverage. Hybud Equip. Corp. at 665.
 {¶ 16} Here, the primary purpose of the contract between United National and Access was for Access to receive insurance coverage for its employees' services and for United National to receive compensation for providing such coverage. When Access cancelled the policy, United National granted Access a prorated premium refund, which is reflected in an endorsement attached and incorporated into the policy contract. Under Dial's interpretation of the contract, United National continued to provide insurance to Access after the cancellation of the contract, just as it did prior to the cancellation, except that United National no longer received any compensation for providing the coverage. This interpretation thwarts the contract's primary purpose and requires us to believe that the parties intended that United National provide insurance coverage to Access free of charge. We find that this interpretation of the policy contract is not reasonable.
 {¶ 17} In contrast, United National's proposed interpretation of the contract is reasonable. United National contends that the policy contract, particularly the endorsement relating to Access's cancellation, can be interpreted to reflect the intent of the parties for Access to receive a reduction in its premium in exchange for United National receiving a reduction in its period of risk. Therefore, we find that the trial court did not err in determining that the policy period ended on the effective date of the cancellation, March 29, 2002. Thus, we disagree with Dial's assertion in his second assignment of error that the cancellation did not modify the length of the policy period. Accordingly, we overrule Dial's second assignment of error.
 {¶ 18} The fact that United National received notice of the claim within sixty days of the cancellation of the policy does not change the fact that the claim was made outside the policy period. The "Extended Reporting Period" portion of the contract extended the time period during which Access could report that a claim had been made, but did not extend the time period during which Access carried insurance coverage for claims made against it. Hence, regardless of whether United National received notification of Dial's claim within the sixty day period immediately following cancellation of the policy, United National does not owe Ostrander coverage because Dial did not actually file his claim against Ostrander until after the expiration of the policy period. Therefore, we find that the trial court did not err in finding that United National did not owe coverage to Access and its employees for a claim reported to United National within sixty days of the policy cancellation, but made after the termination of the policy period. Accordingly, we overrule Dial's first assignment of error.
 {¶ 19} Because we find that the trial court did not err in determining that Dial filed his claim outside the policy period, no genuine issue of material fact remains and United National is entitled to judgment as a matter of law. Accordingly, we overrule both of Dial's assignments of error, and we affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee United National Insurance Company recover of Appellant George Dial costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure.
Exceptions.
Harsha, J. and Abele, J. concur in Judgment and Opinion.