## GINSBURG v. PACIFIC MUT. LIFE INS. CO. OF CALIFORNIA.
### No. 181.

Circuit Court of Appeals, Second Circuit.
Jan. 22, 1934.

O'Brien, Boardman, Conboy, Memhard & Early, of New York City (Bernard Sobol, of New York City, of counsel), for appellant.

Katz & Sommerich, of New York City (Otto C. Sommerich and Raymond T. Heilpern, both of New York City, of counsel), for respondent.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

PER CURIAM.

The complaint set forth a cause of action to recover the value of a noncancellable in-

come policy issued by the appellee to the appellant. Three causes of action are set forth: First, that the policy insured him against disability arising from sickness and provided indemnity at the rate of $150 per month for the duration of the disability; second, the cause of action reiterated the first, alleging in addition thereto, that the application provided that if the entire amount of the premium was not paid at the time of making the application, the appellee would become liable under the policy when the amount of premium was paid during applicant's lifetime, good health, and freedom from injury, and if the policy were issued and delivered, the policy insured the applicant; that the policy was issued and delivered by the appellee on or about November 13, 1931; that the appellant paid the entire amount of the premium while he was in good health and freedom from injury so that the policy was effective since November 2, 1931. The third cause of action alleged that after the appellant paid the premium November 2, 1931, he was informed that the policy was in full force and effect and that the appellee waived all conditions precedent, if any, to its liability on and pursuant to the terms of the policy. Asserting a breach of the contract, and his permanent illness, the complaint further alleges that his expectancy of life was 33.2 years and that because of the breach he was entitled to damages for the sum of $25,265.15.

The answer sets up a general denial and affirmative defenses. In addition thereto, a counterclaim was interposed seeking a judgment setting aside the policy of insurance sued on and rendering it null and void on the ground that the appellant had misrepresented the condition of his health and that the policy by its express provisions had no valid legal inception.

We need not consider the jurisdictional controversy as to the amount the appellant sues to recover because the counterclaim interposed establishes the jurisdiction of the District Court. Merchants' Heat & Light Co. v. James B. Clow & Sons, 204 U. S. 286, 27 S. Ct. 285, 51 L. Ed. 488; O. J. Lewis Mercantile Co. v. Klepner, 176 F. 343 (C. C. A. 2), certiorari denied 216 U. S. 620, 30 S. Ct. 575, 54 L. Ed. 641. It seeks a repudiation and cancellation of a policy of insurance which involves a valuation of more than the $3,000. In Home Life Insurance Co. v. Sipp, 11 F.(2d) 474, the Third Circuit Court of Appeals held that where the counterclaim pleaded involved less than $3,000, it did not give jurisdiction, where the complaint also involved less than the required jurisdictional amount. But in the instant case, if the appellee succeeded, it would cancel a contract obligation of more than the requisite amount.

Order reversed.