**ALLSTATE INSURANCE COMPANY,**
Philadelphia, Pennsylvania

v.

**Paul R. DILLARD,** Harriet, Arkansas

and

*Gertrude M. Wallace, Administratrix of the Estate of Charles F. Wallace, Deceased, Norristown, Pennsylvania.*

Civ. A. No. 28313.

United States District Court
E. D. Pennsylvania.

Nov. 23, 1960.

Edward C. German, LaBrum & Doak, Philadephia, Pa., for plaintiff.

Frederick D. Duden, Jr., Philadelphia, Pa., for defendant.

GRIM, District Judge.

Respondent Paul R. Dillard was driving an automobile when he was involved in an accident in which a pedestrian, Charles F. Wallace, was killed. Petitioner, Allstate Insurance Company, insured the automobile which Dillard was driving under a policy which had been taken out by the owner of the car, Gene Gray. Allstate Insurance Company contends that its insurance policy does not cover this accident because (it contends) (1) at the time of the accident Dillard was driving the car without the permission of the named insured and (2) because Dillard has failed to cooperate in the defense of the action against him.

Allstate Insurance Company has filed this action for a declaratory judgment to determine whether or not its insur-

---

3. Record of oral argument, pp. 24, 25.

ance policy covers the accident in which Wallace was killed. Mrs. Wallace, administratrix of the Wallace estate, has filed a motion to dismiss, contending (1) that the coverage of the insurance policy cannot be determined in a declaratory judgment proceeding and (2) that the court lacks jurisdiction of the action because the matter in controversy does not exceed $10,000. It is this motion to dismiss which presents the problem now before the court.

Mrs. Wallace's first contention, that the coverage of an insurance policy in a case such as this cannot be determined in a declaratory judgment proceeding, is easily answered. It is clear that this court has power to entertain a declaratory judgment proceeding to determine whether or not an insurance company is liable under its insurance policy, even though an action be pending against one who claims to be covered by the policy. Maryland Casualty Co. v. Consumers Finance Service, Inc., 3 Cir., 1938, 101 F.2d 514.

The real problem in the case is whether the amount in controversy is of a size sufficient to give this court jurisdiction. The jurisdictional statute under which this diversity action was brought provides that a district court has jurisdiction only where the "matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs." 28 U.S.C.A. § 1332(a). Mrs. Wallace points out that the insurance policy under its coverage for bodily injury liability provides coverage of only $10,000 for each person injured. In view of this and because only one person was injured in the accident, Mrs. Wallace contends that the liability of the insurance company cannot exceed $10,000 and that, consequently, this court cannot have jurisdiction of the case.

The answer to Mrs. Wallace's contention is that the insurance policy not only requires the company to pay a verdict up to $10,000, but also it requires the company to defend actions brought against persons insured by the policy.

The cost of this defense, including attorney's fees, will add considerably to the sum of $10,000 for which the insurance company may be liable under the policy in the death action brought by Mrs. Wallace. Where an instrument by its terms adds attorney's fees to the obligation of the payer, the attorney's fees may be included in determining the amount in controversy. See Springstead v. Crawfordsville State Bank, 1913, 231 U.S. 541, 34 S.Ct. 195, 58 L.Ed. 354; Underwood v. Continental Assurance Co., D.C.S.D.Tex.1956, 141 F.Supp. 635.

### Order

And now, November 23, 1960, the motion to dismiss the action for declaratory judgment is denied.