**MOTORISTS MUTUAL INSURANCE COMPANY, Plaintiff-Appellee,**

v.

**Teresa SIMPSON, Administratrix of the Estate of Raymond K. Simpson, Deceased, Defendant-Appellant.**

No. 16659.

United States Court of Appeals
Seventh Circuit.

Dec. 4, 1968.

Rehearing Denied Jan. 13, 1969.

Certiorari Denied April 21, 1969.
See 89 S.Ct. 1470.

512

Earl C. Townsend, Jr., John F. Townsend, Jr., Robert B. Dienst, Indianapolis, Ind., for defendant-appellant.

Emerson Boyd, William V. Hutchens, of Locke, Reynolds, Boyd & Weisell, Indianapolis, Ind., for plaintiff-appellee; Russell H. Hart, Stuart, Branigin, Ricks & Schilling, Lafayette, Ind., of counsel.

Before DUFFY, Senior Circuit Judge, and KILEY and SWYGERT, Circuit Judges.

SWYGERT, Circuit Judge.

This appeal in a diversity action arises from a declaratory judgment in favor of the plaintiff, Motorists Mutual Insurance Company. The judgment below declared that Thomas E. Penman, Jr. was not covered by an automobile insurance policy issued by Motorists Mutual to an Ohio resident, Sylvester Griffin, the named insured, and insuring Griffin's automobile. The policy stipulated that Motorists Mutual's liability was limited to $10,000 "per person," $20,000 "per occurrence" for bodily injury or death, and $5,000 for property damage plus the expenses of defense of tort actions.

In a prior lawsuit tried before the same district court, driver Penman was sued by those who are the defendants in the present action, The Hertz Corporation and Teresa Simpson, administratrix of the estate of Raymond K. Simpson, deceased.[1] The earlier court trial showed that while driving Griffin's automobile on a public highway in Indiana on October 2, 1965, Penman negligently killed Raymond K. Simpson, Teresa Simpson's husband. Penman was adjudged liable to Mrs. Simpson as administratrix in the sum of $210,000 and liable to the Hertz Corporation, owner of the truck which Raymond K. Simpson was driving, in the sum of $14,009.19.

It is defendant-appellant Simpson's contention that the district court's disposition of the present case was based on two principal errors: (1) assuming jurisdiction over this case and (2) determining that Penman was not covered by and insured under the policy issued to Griffin. Since we find that the district court erred in assuming jurisdiction over this case, it is unnecessary to consider the second error raised in this appeal.

Before commenting on the jurisdictional contentions advanced by the parties, it is essential to state the precise question presented. The problem is whether the amount in controversy is sufficient to give a federal court jurisdiction. The jurisdictional statute under which this action was brought provides that a district court has jurisdiction only where the "matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

Motorists Mutual advances what purports to be three distinct theories to support its contention that the requisite jurisdictional amount is in controversy. The first theory advanced is that because the personal injury and the property damage insurance coverages here in issue are contained in the same instrument, the two separate coverage limits, $5,000 and $10,000, can be aggregated for purposes of determining jurisdictional amount. The district court's opinion emphasized the fact that this action put

I. Teresa Simpson, administratrix, is the sole appellant in this appeal.

into issue Motorists Mutual's potential liability under this *single* policy of insurance.[2]

Motorists Mutual likewise ascribes to the notion that since a declaratory judgment with respect to insurance contract coverage is sought, the test for determining the amount in controversy is the total value of the policy, citing cases such as Franklin Life Ins. Co. v. Johnson, 157 F.2d 653 (10th Cir. 1946) and Trinity Universal Ins. Co. v. Woody, 47 F.Supp. 327 (D.N.J.1942) to support its position. A significantly different factual situation existed in those two cases since the insurer was seeking a declaration of nonliability against an individual defendant who was the named insured and consequently the value of the entire policy was the accurate measure of the amount in controversy. That is not the situation in the case at bar.

■ When two or more claimants are joined as defendants in one declaratory judgment suit, the pecuniary test of jurisdiction depends on whether the potential liability of the insurer is joint or several. If joint, the matter in controversy between the insurer and the defendants is the sum of the potential claims. On the other hand, if the insurer's potential liability is several, jurisdiction under section 1332(a) can be sustained only against those defendants whose respective controversies individually involve matters exceeding the jurisdictional amount. See, e. g., Jewell v. Grain Dealers Mutual Ins. Co., 290 F.2d 11 (5th Cir. 1961).

■ Applying these general rules to the case before us, it is clear that the aggregation of the claims is erroneous. The nonliability which Motorists Mutual asserts against Mrs. Simpson relates to the death claim clause in the policy, whereas the nonliability asserted against Hertz arises out of the separate property damage coverage in the policy. The potential liability of Motorists Mutual to the two defendants is several, not joint. That the foundation of both potential claims is based on provisions in the same document is immaterial. The Supreme Court has squarely dealt with the common instrument argument asserted by Motorists Mutual: "Aggregation of plaintiffs' claim cannot be made merely because the claims are derived from a single instrument * * *." Thomson v. Gaskill, 315 U.S. 442, 447, 62 S.Ct. 673, 675, 86 L.Ed. 951 (1942). Therefore, despite the fact that the two potential claims in issue here arise from the same insurance policy, they may not be aggregated for the purpose of giving jurisdiction under section 1332(a).

The second theory proposed by Motorists Mutual to sustain federal court jurisdiction is that the sum sought in the counterclaim filed by Mrs. Simpson should be considered in determining the amount in controversy. The facts with respect to this counterclaim are as follows. After the district court's denial of her motion to dismiss the plaintiff's complaint for lack of jurisdiction, Mrs. Simpson filed, shortly before the trial of the instant action, a counterclaim asking for judgment against Motorists

2. In disposing of the jurisdictional question the district judge stated in part:

This is a declaratory judgment action brought by a *single* party, the insurer of the subject automobile, wherein said party is exposed to a total potential liability under this *single* policy of insurance. The accident out of which plaintiff's potential liability arises was a single occurrence, and plaintiff's liability or non-liability under the instant policy of insurance will likewise be decided as a single matter. * * * Properly speaking, it is plaintiff's entire potential liability under its insurance poli-

cy, which liability turns on a construction of the terms of its insurance policy, which is the actual matter in controversy in this action. This potential liability, or, stated another way, the pecuniary result to the plaintiff which a judgment in this action would directly produce, is without question in excess of the required jurisdictional amount * * * inasmuch as the defendants herein are asserting both personal injury and property damage claims which, individually, exceed the policy limits of $10,000/$20,000 and $5,000, respectively.

514

Mutual in the amount of $300,000. In the counterclaim, Mrs. Simpson alleged that prior to the federal court trial in which she received a judgment against Penman she made an offer to Motorists Mutual, who had assumed the defense of the lawsuit, to settle and compromise her claim for $10,000, "the policy limit of the insurance contract"; that the insurance company negligently and in "bad faith" refused the offer, thus ultimately exposing Penman to a liability of $210,-000, the amount of the judgment for Mrs. Simpson entered by the court following the trial; and that subsequently Penman assigned to her "for good and valuable consideration" his right of action against Motorists Mutual for its "wrongful and unreasonable refusal to settle" the claim asserted by Mrs. Simpson.

■ When a claim over which there is otherwise jurisdiction does not embrace an amount in controversy in excess of that required by the statute, the "plaintiff-viewpoint" rule, under which jurisdiction is determined on the basis of what the plaintiff claims, requires dismissal of the claim.[3] A problem arises, however, when although the plaintiff's claim does not involve the requisite jurisdictional amount, a compulsory counterclaim is filed which independently meets the required amount. There are cases which hold that in such a situation federal jurisdiction should be sustained.[4]

■ But irrespective of the holding in those cases, we believe that a compulsory counterclaim should not be held to give rise to federal jurisdiction where the defendant-counterclaimant has objected from the beginning to the federal court's assumption of jurisdiction over the plaintiff's main action on the ground that the amount in controversy in that action is insufficient and additionally, after his jurisdictional objection is overruled, files a compulsory counterclaim even though the amount therein involved exceeds $10,000 exclusive of interest and costs.

When a defendant files a compulsory counterclaim seeking in excess of $10,-000 without initial objection to federal court jurisdiction over a main action that lacks the requisite amount in controversy, it may reasonably be argued that the defendant-counterclaimant is satisfied with federal jurisdiction and that he has waived all objections thereto. This analysis is grounded on the assumption that if the defendant-counterclaimant had won the race to the courthouse and filed his suit first, he would have filed it at a federal courthouse. Therefore, when the defendant-counterclaimant files such a claim without objection to federal jurisdiction, the federal court must refuse to dismiss the lawsuit. Although

3. The rule that the amount in controversy should be determined from the standpoint of the plaintiff has been cited with favor by the Supreme Court: "The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that * * * the sum claimed by the plaintiff controls if the claim is apparently made in good faith." St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938).

4. E. g., Clarkson v. Manson, 4 F. 257 (C.C.S.D.N.Y.1880); Lee v. Continental Ins. Co., 74 F. 424 (C.C.D.Utah 1896); Ginsburg v. Pacific Mutual Life Ins. Co. of Calif., 69 F.2d 97 (2d Cir. 1934); Liberty Mutual Ins. Co. v. Horton, 275 F.2d 148 (5th Cir. 1960), aff'd, 367 U.S. 348, 81 S.Ct. 1570, 6 L.Ed.2d 890 (1961) (four justices dissenting) (semble). The Second Circuit in Ginsburg, supra, after first determining that the plaintiff's claim satisfied the jurisdictional requirement of $3,000, gave as a second ground for sustaining jurisdiction the fact that the counterclaim involved an amount in excess of the required sum. However, in a later decision, Goldstone Co. v. Payne, 94 F.2d 855 (2d Cir. 1938), the court indicated that the second jurisdictional ground in Ginsburg was dictum; accord, Rudder v. Ohio State Life Ins. Co., 208 F.Supp. 577 (E.D.Ky.1962). Likewise, the Fifth Circuit in Horton, having first decided that the plaintiffs' claim met the requisite jurisdictional amount of $10,-000, appears to have indulged in dictum by commenting on the defendants' counterclaim as a ground for jurisdiction. The Supreme Court's review of the Horton case failed to squarely consider the Fifth Circuit's counterclaim dictum.

the above analysis is a plausible rationale. for nondismissal of a counterclaim which has been filed by a defendant who has made no objection to federal court jurisdiction, it is inapplicable when grounds of equity and fairness dictate otherwise, as in the case at bar, where continuous objection to federal jurisdiction was made by the defendant Mrs. Simpson.[5]

As Professor Moore points out: "Since, however, defendant did not originally choose the federal forum, the option should be his whether or not to keep the action in federal court." 1 J. Moore, Federal Practice ¶ 0.98[1], at 896 (2d ed. 1964). Professor Moore's observation is squarely applicable to the case before us, since it appears from the record that defendant-counterclaimant, Mrs. Simpson, most emphatically did not want to have her counterclaim tried in a federal court.

With these distinctions in mind, we are of the opinion that the amount sought in Mrs. Simpson's counterclaim should not govern the jurisdictional question here presented, but that the plaintiff—viewpoint rule, requiring dismissal of this action, is the fairer and more logical test to be applied.

■ The final jurisdictional contention made by Motorists Mutual is that the district court should have taken judicial notice of the fact that the insurance company was required under the terms of the policy to defend those insured and that consequently these expenses should be added to the face value of the policy to produce the requisite jurisdictional amount.[6] Motorists Mutual cites as authority Allstate Ins. Co. v. Dillard, 190 F.Supp. 111 (E.D.Pa. 1960). That case is distinguishable from the case at bar in that there a declaratory judgment action was brought against the insured and not merely injured third-parties. Consequently, the court in *Dillard* was correct in adding to the $10,000 face value of the policy there in issue the cost of attorneys' fees which the insurer, Allstate, by contract was obligated to incur in the defense of the defendant-insured. If the declaratory judgment defendant is the insured, then the cost of defending should be included where the insurer owes the insured a defense. When, however, the defendants are injured third-parties, it is impermissible to include costs of a defense of the insured, since the insurer does not owe any of the injured third-party defendants a defense. By the terms of the insurance contract here in issue, the limit of Motorists Mutual's liability to Hertz is $5,000 and to Mrs. Simpson is $10,000. Since the purpose of the instant action was to establish Motorists Mutual's nonliability as to these claims, it was error for the district court to assume jurisdiction because the amount in controversy was not in excess of $10,000.

■ Our views are in accord with those of Professor Moore who has stated that the amount in controversy is determined in a declaratory judgment action as it is in other types of litigation requiring a jurisdictional amount. Dealing specifically with an insurance coverage situation, Professor Moore says: "Where an insurer denies his obligations under a liability insurance policy on the theory * * * that the accident was not within the coverage of the policy * * * the amount in controversy is measured by the injured third-party's bona fide claim against the insured, unless this exceeds the maximum limit of the policy, in which event the amount in controversy is the maximum limit of the insurer's liability under the policy." 6A J. Moore, Federal Practice ¶ 57.23, at 3137–8 (2d ed. 1966).

Since the amount in controversy in this case was not in excess of $10,000, the

---

5. Accord, American Sheet & Tin Plate Co. v. Winzeler, 227 F. 321 (N.D.Ohio 1915).

6. The policy provides in part: "[T]he company shall defend any suit * * * seeking damages which are payable under the terms of this policy * * *."

district court was without jurisdiction under 28 U.S.C. § 1332(a). The judgment of the district court is reversed and the case is remanded with direction to dismiss the suit.